# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     *Plaintiff*, | ) |
| v. | ) |
| | ) Case No. CR-21-325-TDD |
| | ) |
| JASON CORY BYCROFT | ) |
| HEATHER NICOLE BYCROFT, | ) |
| | ) |
|     *Defendants*. | ) |

## **ORDER**

Before the Court is the government's Notice of Intent to Admit Evidence of Other Crimes, Wrongs, or Acts [Doc. No. 63] filed pursuant to Fed. R. Evid. 404(b). The government seeks to admit at trial a series of videos that are not part of the conduct charged in the Indictment [Doc. No. 34]. Defendants each responded in opposition, arguing the videos are inadmissible. [Doc. Nos. 65 and 82]. The Court held an evidentiary hearing on February 18, 2022, and the government submitted the videos to the Court for *in camera* review. Upon consideration of the Notice, the responses, the evidence presented, and the arguments of counsel, the Court issues its ruling.

The Indictment charges Defendants Jason Cory Bycroft and Heather Nicole Bycroft with sexual exploitation of a child/use of a child to produce a visual depiction and possession of certain material involving the sexual exploitation of a minor [Doc. No. 34]. In August 2021, investigators received a tip that child pornography was observed trafficked to an account on Dropbox, an internet file hosting site. That account belonged to an

individual using an email address and username containing Defendant Jason Bycroft's name. After obtaining a warrant to search the Dropbox account, investigators discovered a series of videos they allege depict Jason Bycroft intentionally exposing a six-year-old girl's vagina in a swimming pool. The individual holding the recording device, although she cannot be seen, can be heard speaking in the videos. Based on the videos' audio, investigators claim Defendant Heather Bycroft filmed some of the videos related to the charged conduct. Multiple witnesses, including relatives of Defendant, identify the individual speaking in the videos as Heather Bycroft. Investigators also recovered videos of Defendant Jason Bycroft telling a young girl he was going to "fix her bathing suit" and focusing the video on the child's "vaginal area." [Doc. No. 63 at p.2].

The subject of this 404(b) Notice are videos recovered from the Dropbox account that are not part of the conduct charged in the Indictment. The videos depict Defendants working together to secretly film up women's skirts in public places. Defendant Heather Bycroft's face can be seen in these videos, and the videos also capture her voice. The government submitted eight videos for the Court to review; by its Notice, the government seeks to enter five to ten of these videos at trial.

Rule 404(b) provides in relevant part:

**(b) Other Crimes, Wrongs, or Acts.**
    **(1)** *Prohibited Uses***.** Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
    **(2)** *Permitted Uses***.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Four factors govern the admissibility of evidence of other crimes or wrongs under Rule 404(b): (1) the evidence must be offered for a proper purpose; (2) it must be relevant; (3) its probative value must not be substantially outweighed by its potential for unfair prejudice under Rule 403; and (4) the court must give a proper limiting instruction if it is requested by the defendant. *United States v. Moran*, 503 F.3d 1135, 1143 (10th Cir. 2007) (*citing Huddleston v. United States*, 485 U.S. 681, 691–92 (1988)).

### 1. Proper Purpose and Relevance

The Court finds the proposed evidence is offered for a proper purpose under Rule 404(b). The videos demonstrate Defendants' common scheme or plan—specifically a common plan to work together to take illicit videos in secret. Further, the videos show the identity of the camera operator. Since Defendant Heather Bycroft's face cannot be seen in the videos related to the conduct charged in the Indictment, the videos subject to this Notice that show her face are offered for the permissible purpose of proving the identity of the person operating the camera in connection with the conduct charged in this case. Finally, the videos tend to show the absence of mistake or accident. The Court also finds the evidence is relevant, especially regarding Defendant Heather Bycroft's identity. These videos show her face and capture her voice and, thus, have some tendency to make the fact that she was the individual operating the camera in the videos related to the charged conduct more probable. *See* Fed. R. Evid. 401.

### 2. Rule 403 Balancing

The Court further finds the probative value of the videos is not substantially outweighed by any of the dangers set forth in Rule 403. The issues relating to Defendant Heather Bycroft's identity render the videos highly probative, and any potential for unfair prejudice can be effectively mitigated by a limiting instruction. *See United States v. Hutchinson*, 573 F.3d 1011, 1030 (10th Cir. 2009) (holding that, where evidence admissible for only one purpose may "create the risk of an unfair trial[,] . . . such prejudice can usually be cured by limiting instructions to the jury").

The Court, therefore, finds the videos are admissible under Rule 404(b). However, the government's expressed intent to present five to ten such videos is excessive; the government is directed to limit the videos to the few it regards as most salient.

### CONCLUSION

For the reasons set forth herein, the Court concludes that Defendants' objections to the government's intended use of the videos depicting Defendants secretly filming up women's skirts [Doc. Nos. 65 and 82] are **OVERRULED**.

**IT IS SO ORDERED** this 16th day of March, 2022.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE